1  LONGYEAR, O'DEA & LAVRA, LLP
   VAN LONGYEAR, CSB No. 84189
2  PETER C. ZILAFF, CSB No. 272658
   NICOLE M. CAHILL, CSB No. 287165
3  3620 American River Drive, Suite 230
   Sacramento, California 95864-5923
4  Tel: (916) 974-8500 Fax: (916) 974-8510

5  Attorneys for Defendant, CITY OF MERCED

6

7                    UNITED STATES DISTRICT COURT

8            EASTERN DISTRICT OF CALIFORNIA—FRESNO DIVISION

9   JAIME VEGA DAMIEN and ALICIA         CASE NO.
    REYES BARAJAS, SUCCESSORS IN
10  INTEREST TO ALEJANDRO ALEX
    VEGA, DECEASED,                      NOTICE OF STATE COURT
11                                       DOCUMENTS
                Plaintiffs,
12
    vs.
13
    CITY OF MERCED, CHIEF OF MERCED
14  POLICE, RUSS THOMAS, in his capacity
    of Chief of Police of the City of Merced,
15  COUNTY OF MERCED, SHERIFF OF
    THE COUNTY OF MERCED, VERN
16  WARNKE, in his capacity of Sheriff of the
    County of Merced, MICHAEL TURNER,
17  JOSE SANTANA, BRENDAN
    CHANMINALATHA, FRANCISCO
18  GONZALEZ, ANTHONY SALINAS,
    JESSE RODRIGUEZ, DOES 1 to 30,
19  Individually and in their capacity as CITY
    OF MERCED POLICE OFFICERS, DOES
20  31 to 60, Individually and in their capacity
    as MERCED COUNTY SHERIFFS, DOES
21  61 to 75, Individually and in their capacity
    as MERCED COUNTY JAIL PRISONERS,
22  and DOES 76 to 100, inclusive,

23                Defendants.

24

25

26          COMES NOW DEFENDANT CITY OF MERCED and hereby files copies of all

27  documents on file in the Merced County Superior Court, Civil Action No. 16CV-03050 as

28  follows:

_____
Notice of State Court Documents                                    Page 1

1.  Complaint

2.  Summons

3.  Civil Case Cover Sheet

4.  Notice of Case Management Conference

Dated: December 13, 2016                    LONGYEAR, O'DEA & LAVRA, LLP


                                            By: */S/: Van Longyear*                    .
                                                 VAN LONGYEAR
                                                 PETER C. ZILAFF
                                                 NICOLE M. CAHILL
                                                 Attorney for Defendant,
                                                 CITY OF MERCED

Exhibit 1

This e-copy is the official court record (GC68150)

FILED
Merced Superior Court
10/7/2016 9:22:44 PM
Linda Romero Soles
Clerk of the Superior Court
By: Nengsy Moua, Deputy

1  JAVIER GUERRERO, JR. SBN284589
   LAW OFFICE OF JAVIER GUERRERO, JR.
2  123 Sycamore Avenue; Suite 205
   Manteca, CA  95339
3  Tel: (209) 403-1314
   Facsimile: (888) 386-9498
4
   Attorney for Plaintiffs
5  JAIME VEGA DAMIEN and ALICIA REYES BARAJAS

6

7              SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED

8                          UNLIMITED JURISDICTION

9

10

11
     JAIME VEGA DAMIEN and ALICIA
12   REYES BARAJAS, SUCCESSORS IN            Case No:  16CV-03050
13   INTEREST TO ALEJANDRO ALEX
     VEGA, DECEASED                          COMPLAINT FOR DAMAGES
14

15          Plaintiff,

16       vs.

17
     CITY OF MERCED, CHIEF OF MERCED
18   POLICE, RUSS THOMAS, in his capacity
19   of Chief of Police of the City of Merced,
     COUNTY OF MERCED, SHERIFF OF
20   THE COUNTY OF MERCED, VERN
21   WARNKE, in his capacity of Sheriff of the
     County of Merced, MICHAEL TURNER,
22   JOSE SANTANA, BRENDAN
23   CHANMINALATHA, FRANCISCO
     GONZALEZ, ANTHONY SALINAS,
24   JESSE RODRIGUEZ, DOES 1 to 30,
25   Individually and in their capacity as CITY
     OF MERCED POLICE OFFICERS, DOES
26   31 to 60, Individually and in their capacity as
27   MERCED COUNTY SHERIFFS, DOES 61
     to 75, Individually and in their capacity as
28

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors
in Interest of ALEJANDRO ALEX VEGA, Deceased

- 1-

This e-copy is the official court record (GC68150)

MERCED COUNTY JAIL PRISONERS,
and DOES 76 to 100, inclusive,
        Defendants.

        Comes now plaintiffs, JAIME VEGA DAMIEN and ALICIA REYES BARAJAS,
complaining of the above named defendants, and each of them, including fictitiously
named defendants as follows:

## CLAIMS STATUTE

1. That on or about March 21, 2016, within six months after the accrual of the
   causes of action alleged herein, plaintiffs served a claim on the defendant City of
   Merced. Said claim was denied and notice of Rejection of Claim was mailed on
   April 21, 2016.

2. That on or about March 21, 2016, within six months after the accrual of the
   causes of action alleged herein, plaintiffs served a claim on the defendant County
   of Merced. Said claim was denied and notice of Rejection of Claim was mailed
   on April 12, 2016.

## I.    PARTIES

3. That plaintiffs, JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, are, and at all
   times mentioned in this complaint were, residents of the County of Merced, State
   of California.

4. That plaintiffs, JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, and
   are the heirs at law of ALEJANDRO ALEX VEGA, hereafter referred to a
   "Decedent", and are the Decedent's successor in interest, as defined in Code Civ.
   Proc.. § 377.11, and succeeded to the Decedent's interest in the action.

5. That at all times herein mentioned Decedent ALEJANDRO ALEX VEGA was an
   American Citizen entitled to the rights, privileges and immunities guaranteed by
   the United States Constitution including the right to life, liberty, or property,
   without due process of law.

6. That defendant, City of Merced is a municipal corporation in the County of

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors
in Interest of ALEJANDRO ALEX VEGA, Deceased

- 2 -

This e-copy is the official court record (GC68150)

Merced, duly organized and existing under the laws of the State of California, and operates the City of Merced Police Department.

7. That defendant, County of Merced is a municipal corporation, duly organized and existing under the laws of the State of California, and operates the County of Merced Sheriff's Department.

8. That defendant VERN WARNKE, at all times relevant to the allegations of this complaint, was employed by the County of Merced as the Sheriff of the County of Merced, and is sued in his capacity of Sheriff of the County of Merced.

9. That defendant RUSS THOMAS, at all times relevant to the allegations of this complaint, was employed by the City of Merced as the Chief of Police of the City of Merced, and is sued in his capacity of Chief of Police of the City of Merced.

10. That MICHAEL TURNER is, and at all times relevant to the allegations of this complaint, was a Member of the Norteño Criminal Street gang who was incarcerated in Block 4, Cell 3, of the John Latorraca Correctional Facility in the County of Merced, State of California.

11. That JOSE SANTANA is, and at all times relevant to the allegations of this complaint, was a Member of the Norteño Criminal Street gang who was incarcerated in Block 4, Cell 3, of the John Latorraca Correctional Facility in the County of Merced, State of California.

12. That BRENDAN CHANMINALATHA is, and at all times relevant to the allegations of this complaint, was a Member of the Norteño Criminal Street gang who was incarcerated in in Block 4, Cell 3, of the John Latorraca Correctional Facility in the County of Merced, State of California.

13. That FRANCISCO GONZALEZ is, and at all times relevant to the allegations of this complaint, was a Member of the Norteño Criminal Street gang who was incarcerated in in Block 4, Cell 3, of the John Latorraca Correctional Facility in the County of Merced, State of California.

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors in Interest of ALEJANDRO ALEX VEGA, Deceased

- 3 -

This e-copy is the official court record (GC68150)

14. That ANTHONY SALINAS is, and at all times relevant to the allegations of this complaint, was a Member of the Norteño Criminal Street gang who was incarcerated in in Block 4, Cell 3, of the John Latorraca Correctional Facility in the County of Merced, State of California.

15. That JESSE RODRIGUEZ is, and at all times relevant to the allegations of this complaint, was a Member of the Norteño Criminal Street gang who was incarcerated in in Block 4, Cell 3, of the John Latorraca Correctional Facility in the County of Merced, State of California.

16. That defendants City of Merced police officers, sued as DOES 1 to 30, at all times mentioned in this complaint, were employed by the City of Merced, and are being sued individually and in their capacity as police officers for the City of Merced.

17. That defendants County of Merced deputy sheriffs, sued as DOES 31 to 60, at all times mentioned in this complaint, were employed by the County of Merced, and are being sued individually and in their capacity as deputy sheriffs for the County of Merced.

18. That defendants Merced County prisoners, the true names and capacities being unknown, are sued herein by the fictitious names of DOES 61 to 75. Plaintiffs will amend this complaint to show their true names and capacities when ascertained

19. That the true names and capacities, whether individual, corporate, associate, employee, agent or otherwise, of defendants DOES 76 through 100, inclusive, being unknown, plaintiffs sue these defendants by these fictitious names and will amend this complaint to show their true names and capacities when they are ascertained.

20. That plaintiffs are informed and believe, and, thereon, allege that defendants, and each of them, including the fictitiously named defendants, are and were at all times the agent and employee, or principal and employer of each of the other

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors
in Interest of ALEJANDRO ALEX VEGA, Deceased
- 4 -

This e-copy is the official court record (GC68150)

defendants and were at all times mentioned herein acting within the course and scope of said agency and employment.

21. That plaintiffs are informed and believe, and, thereon, allege that defendants, and each of them, including the fictitiously named defendants sued herein as DOES to 100, are, and were, responsible in some manner for the events herein alleged, caused the emotional and bodily injuries to Decedent Alejandro Alex Vega, are liable for the occurrences herein alleged, and that plaintiff's losses, as herein alleged, were proximately caused by their acts.

22. That in engaging in the conduct described herein defendants City of Merced police officers, DOES 1 to 30, defendants County of Merced Sheriffs, and DOES 31 to 60 were acting under color of law and in the course and scope of their employment with the City of Merced and the County of Merced, respectively.

23. That in engaging in the conduct described herein the defendants City of Merced police officers, DOES 1 to 30, defendants County of Merced Sheriffs, and DOES 31 to 60 exceeded the authority vested in them as law enforcement officers under the United States Constitution, the laws of the United States, the constitution of the State of California and the laws of the State of California.

## II.   STATEMENT OF FACTS

24. That on or about January 5, 2015, Merced Taxi Cab driver Dean Barker picked up Joseph Elias Castrillo and Dante Woods as fares. When asked to pay for the ride, Castrillo refused to pay, and instead shot Dean Barker multiple times, killing Barker before he robbed him. Joseph Elias Castrillo is a member of the Norteño criminal street gang.

25. That the investigation into the murder of Dean Barker by the City of Merced police was assigned Case # 2015-00669.

26. That to solve the murder of Dean Barker by Joseph Elias Castrillo, the City of Merced police contacted Decedent Alejandro Alex Vega, who had for a long time

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors in Interest of ALEJANDRO ALEX VEGA, Deceased

This e-copy is the official court record (GC68150)

prior to January 5, 2015, been in the service of the City of Merced Police Department as a Confidential Informant.

27. That Alejandro Alex Vega was in the service of the City of Merced Police Department as a Confidential Informant was known by numerous members of the City of Merced Police Department including command officers, and was frequently contacted by City of Merced Police Department to act as a Confidential Informant to provide information on crimes.

28. That shortly after January 5, 2015, as part of Case # 2015-00669, Detective Johnson of the City of Merced Police Department interviewed Decedent Alejandro Alex Vega, and using the reference name of "CW-1" prepared a 3 page written report of the interview in which "CW-1" reported that Joseph Elias Castrillo confessed to "CW-1" that Castrillo had murdered Merced Taxi Cab driver Dean Barker.

29. That in the written report of the interview with "CW-1" by Detective Johnson in Case # 2015-00669 included personally identifying information including "CW-1's" residence address.

30. That the written report of the interview with "CW-1" by Detective Johnson in Case # 2015-00669 was included in the investigative records of the City of Merced police submitted to the court for the prosecution of Case # 2015-00669, and are protected by law from full disclosure.

31. That the release of the records of investigations by local police agencies are limited by statute, and local law enforcement agencies are under a mandatory duty not to disclose the name and address of a confidential informant.

32. That the City of Merced, Chief of Police RUSS THOMAS and DOES 1 to 31 and DOES 76 TO 100 released the confidential investigative report prepared by Detective Johnson without removing Decedent's home address thereby identifying for all the world the Decedent was "CW-1" whose information lead to the arrest of Joseph Elias Castrillo and Dante Woods for the murder of Dean

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors in Interest of ALEJANDRO ALEX VEGA, Deceased

- 6 -

This e-copy is the official court record (GC68150)

Barker.

33. That the Norteño Criminal Street gang is known for retaliating using extreme and even deadly violence against informants to prevent the informants from testifying against members of the Norteño Criminal Street gang.

34. That at some time after the release of the confidential investigative report prepared by Detective Johnson publishing Decedent's home address and thereby identifying for all the world the Decedent was "CW-1", the City of Merced, and DOES 1 to 31 and DOES 76 TO 100 learned that the Norteño Criminal Street gang was planning to retaliate against the Decedent.

35. That sometime after January 15, 2015, the City of Merced Police Officers DOES 1 to 30 informed plaintiff ALICIA REYES, Decedent's mother, that Decedent was in danger from the Norteño Criminal Street gang and had to be very careful for his safety.

36. That on or about September 19, 2015, City of Merced Police Officers DOES 1 to 30 arrested Decedent for an outstanding warrant, and later transported Decedent to the John Latorraca Correctional Facility in the County of Merced, State of California, and delivered him to the custody of VERN WARNKE, SHERIFF OF THE COUNTY OF MERCED.

37. That as the prisoner of the City of Merced Police Department, DOES 1 to 30, Vern Warnke, Sheriff of the County of Merced, and DOES 31 to 60, hereafter referred to as "Jailers", Decedent had a special relationship with the Jailers because he was dependent of the Jailers for his safety, security and well-being.

38. That Decedent was interviewed by the Jailers, and informed the Jailers that he was not a member of the Norteño Criminal Street gang.

39. That the Jailers knew that housing Decedent, a non-member of the Norteño Criminal Street gang, with members of the Norteño Criminal Street gang creating a situation of grave danger for the Decedent because Decedent would be subject to scrutiny by the gang structure that controlled the jail.

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors in Interest of ALEJANDRO ALEX VEGA, Deceased

- 7 -

This e-copy is the official court record (GC68150)

40. That the Jailers knew that housing Decedent, a non-member of the Norteño Criminal Street gang, with members of the Norteño Criminal Street gang creating a situation of grave danger for the Decedent because if Decedent did not pass scrutiny by the gang structure that controlled the jail that Decedent would be subject to retaliation including assault and battery.

41. That the Jailers chose to house Decedent with defendants MICHAEL TURNER, JOSE SANTANA, BRENDAN CHANMINALATHA, FRANCISCO GONZALEZ, ANTHONY SALINAS, and JESSE RODRIGUEZ, all of whom were members of the Norteño Criminal Street gang, and who immediately ordered Decedent to remain on his bunk while they investigated him and received instructions from the Norteño Criminal Street gang structure in the jail.

42. That the Jailers condoned and allowed a system whereby prisoners DOES 61 to 75, were allowed to be outside their cells to facilitate a form of written communication known as "Kites" between cells, and to deliver contraband including weapons as directed by the Norteño Criminal Street gang structure in the jail.

43. That prisoner defendants DOES 61 to 75, delivered a "Kite" to defendants MICHAEL TURNER, JOSE SANTANA, BRENDAN CHANMINALATHA, FRANCISCO GONZALEZ, ANTHONY SALINAS, and JESSE RODRIGUEZ informing them that Decedent was "CW-1", the informer against Norteño Criminal Street gang member Joseph Elias Castrillo for the murder of Dean Barker in City of Merced criminal Case # 2015-00669.

44. That prisoner defendants DOES 61 to 75, delivered a blunt, but deadly weapon to defendants MICHAEL TURNER, JOSE SANTANA, BRENDAN CHANMINALATHA, FRANCISCO GONZALEZ, ANTHONY SALINAS, and JESSE RODRIGUEZ to be used in the assault on Decedent.

45. That immediately after receiving and reading the "Kite" and the weapon defendants MICHAEL TURNER, JOSE SANTANA, BRENDAN

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors in Interest of ALEJANDRO ALEX VEGA, Deceased

- 8 -

CHANMINALATHA, FRANCISCO GONZALEZ, ANTHONY SALINAS, and JESSE RODRIGUEZ to move to an area of the cell which is not covered by video surveillance where they so viciously assaulted Decedent with their fists, feet and the blunt weapon that he died from the injuries on September 20, 2015.

## III.   DAMAGES.

46. That as a direct and proximate result of said conduct and acts of the defendants, and each of them including the fictitiously named defendants, Decedent ALEJANDRO ALEX VEGA suffered extreme emotional distress, pain, suffering and fatal physical injures which survive his death and are inure to the benefit of his successors in interest as general damages in an amount in excess of $25,000.

47. That as a further direct and proximate result of the wrongful death of their son, Decedent ALEJANDRO ALEX VEGA, plaintiffs have lost the care, comfort, society, protection, love, companionship, affection, solace, physical assistance in the operation and maintenance of the home, and financial support.

48. That as a further direct and proximate result of the death of their son, Decedent ALEJANDRO ALEX VEGA, plaintiffs have incurred reasonable and necessary expenses for decedent's funeral, burial, and memorial services to their damage in a presently unascertained sum. Plaintiffs request permission to insert the amount when it is finally determined.

## IV.   FIRST CAUSE OF ACTION

### (Assault and Battery)

**(Against Defendants Chief of Police Russ Thomas, Merced Police Officers DOES 1 to 30, County of Merced, Sheriff Vern Warnke, Deputy Sheriffs DOES 31 to 60, Michael Turner, Jose Santana, Brendan Chanminalatha, Francisco Gonzalez, Jesse Rodriguez, prisoners DOES 61 to 75, and DOES 76 to 100)**

49. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 34 as though fully set forth in this cause of action.

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors in Interest of ALEJANDRO ALEX VEGA, Deceased

- 9-

50. That on September 19, 2015, defendants Michael Turner, Jose Santana, Brendan Chanminalatha, Francisco Gonzalez, Jesse Rodriguez did attack, assault and batter Decedent ALEJANDRO ALEX VEGA with their fists, feet and the blunt weapon in a location in cell 3 of Block 4 of the John Latorraca Correctional Facility in the County of Merced, State of California.

51. That as a proximate result of the assault and battery by defendants Michael Turner, Jose Santana, Brendan Chanminalatha, Francisco Gonzalez, Jesse Rodriguez, Decedent ALEJANDRO ALEX VEGA died from the injuries on September 20, 2015.

52. That prior to his death Decedent ALEJANDRO ALEX VEGA suffered extreme emotional distress, bodily injury to his head and body, severe pain and suffering.

53. That defendants Chief of Police Russ Thomas, Merced Police Officers DOES 1 to 30, Sheriff Vern Warnke, Deputy Sheriffs DOES 31 to 60, prisoners DOES 61 to 75, and DOES 1 to 100, aided and abetted the fatal assault and battery of Decedent ALEJANDRO ALEX VEGA by disclosing Decedents address, by not protecting Decedent after learning that he was in danger, by not putting Decedent in a witness protection program, by not placing Decedent in protective custody, by placing Decedent in a cell with known Norteño Criminal gang members, by not having sufficient video surveillance of the interior of Cell 3 of Block 4, by allowing prisoners to transport written communications and weapons between cells, and other act not yet known.

54. That as a direct and proximate result of defendants' conduct, and each of them, including fictitiously named defendants, Decedent ALEJANDRO ALEX VEGA was killed causing Plaintiff's to suffer the damages set forth herein.

55. That the conduct of defendants Michael Turner, Jose Santana, Brendan Chanminalatha, Francisco Gonzalez, Jesse Rodriguez, and prisoner DOES 61 to 75, and each of them, was malicious and oppressive and in total and utter disregard of the rights of Decedent ALEJANDRO ALEX VEGA resulted in

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC681150)

1  homicide entitling plaintiffs to an award of punitive damages as a matter of

2  law.

3      **WHEREFORE**, plaintiffs pray for judgment against defendants, and each of

4  them, including fictitiously named defendants, as set forth below

5                    **V.    SECOND CAUSE OF ACTION**

6                        **(42 U.S.C. section 1983)**

7  **(Against County of Merced, Merced County Sheriff Verne Warnke,**

8  **Merced Deputy Sheriffs DOES 31 to 60, Chief of Merced Police Russ**

9  **Thomas, Merced Police officers DOES 1 to 30, and DOES 76 to 100.)**

10  56. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 55

11  as though fully set forth in this cause of action.

12  57.In doing the acts complained of herein and allowing Decedent ALEJANDRO

13  ALEX VEGA to be assaulted, battered and viciously beaten to death defendant

14  law enforcement officers Chief of Merced Police Russ Thomas, Merced Police

15  officers DOES 1 to 30, Merced County Sheriff Verne Warnke, Merced Deputy

16  Sheriffs DOES 31 to 60, and DOES 76 to 100, were acting under color of law to

17  deprive Decedent ALEJANDRO ALEX VEGA to be deprived of certain

18  substantive constitutionally guaranteed rights, including, but not limited to:

19      a.    The right not to be deprived of life or liberty without due process of law,

20           as guaranteed by the Fifth and Fourteenth Amendments to the United

21           States Constitution.

22      b.    The right to be free from the use of excessive as guaranteed by the Fifth

23  and Fourteenth Amendments to the United States Constitution.

24  58. That as a Confidential Informant providing investigative information to the

25  defendants, and each of them, Decedent ALEJANDRO ALEX VEGA had a

26  special relationship with the defendants whereby defendants had the mandatory

27  duty to prevent the disclosure of Decedent ALEJANDRO ALEX VEGA's

28  address and other identifying information, the publication of which created the

This e-copy is the official court record (GC68150)

danger which resulted in bodily harm and death in violation of the rights guaranteed by the United States Constitution.

59. That the housing of Decedent ALEJANDRO ALEX VEGA, who was not a member of the Norteño Criminal gang and an informant against a member of Norteño Criminal gang, with six members of the Norteño Criminal gang members who would scrutinize Decedent ALEJANDRO ALEX VEGA probably injure or kill Decedent ALEJANDRO ALEX VEGA created the danger that resulted in Decedent ALEJANDRO ALEX VEGA's death.

60. That in failing to protect Decedent ALEJANDRO ALEX  after his identity was published and Defendants, and each of them, were aware of threats made against Decedent ALEJANDRO ALEX, and the housing of Decedent ALEJANDRO ALEX VEGA, who was not a member of the Norteño Criminal gang and an informant against a member of Norteño Criminal gang, with six members of the Norteño Criminal gang members who would scrutinize Decedent ALEJANDRO ALEX VEGA probably injure or kill Decedent ALEJANDRO ALEX VEGA, the defendants acted with deliberate indifference creating the danger that resulted in Decedent ALEJANDRO ALEX VEGA's death.

**WHEREFORE,** plaintiffs pray for judgment against defendants, and each of them, including fictitiously named defendants, as set forth below

## VI.  THIRD CAUSE OF ACTION

### (42 U.S.C. section 1983)

**(Against County of Merced, Merced County Sheriff Verne Warnke, Merced Deputy Sheriffs DOES 31 to 60, Chief of Merced Police Russ Thomas, Merced Police officers DOES 1 to 30, and DOES 76 to 100.)**

61. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 60 as though fully set forth in this cause of action.

62. That defendants, County of Merced, City of Merced, Chief of Merced Police Russ Thomas, Merced Police officers DOES 1 to 30, Merced County Sheriff

This e-copy is the official court record (GC6B150).

Verne Warnke, Merced Deputy Sheriffs DOES 31 to 60, and DOES 76 to 100, and each of them, had a mandatory duty to create or amend a written directive addressing access to and the release of police investigative records, authorized and responsible personnel, access, release and dissemination procedures selective disclosures of information, refusal to release information policies and procedures, and compliance with applicable laws to ensure that the information released would not endanger the safety of persons or endanger the successful completion of an investigation.

63. That any written directive addressing access to and the release of police investigative records, was required to ensure that name and address of confidential informants are not be released, to ensure that witness statements of confidential informants are not released, to ensure that an information which may jeopardize an investigation, related investigation or law enforcement proceeding are not released, to ensure that confidential information provided only by a confidential source is not released, and other exemptions to disclosure are invoked.

64. That because defendants County of Merced, City of Merced, Chief of Merced Police Russ Thomas, Merced Police officers DOES 1 to 30, Merced County Sheriff Verne Warnke, Merced Deputy Sheriffs DOES 31 to 60, and DOES 76 to 100, did not have an adequate written directive addressing access to and the release of police investigative records, authorized and responsible personnel, access, release and dissemination procedures selective disclosures of information, refusal to release information policies and procedures, and compliance with applicable laws, Decedent ALEJANDRO ALEX VEGA's address and  statement was released to the public, which proximately caused his death.

65. That because defendants County of Merced, City of Merced, Chief of Merced Police Russ Thomas, Merced Police officers DOES 1 to 30, Merced County Sheriff Verne Warnke, Merced Deputy Sheriffs DOES 31 to 60, and DOES 76 to

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors in Interest of ALEJANDRO ALEX VEGA, Deceased

- 13 -

This e-copy is the official court record (GC68150)

100, did not have an adequate training and supervision of the staff tasked with responding to requests for the release of police investigative records, Decedent ALEJANDRO ALEX VEGA's address and statement was released to the public, and which proximately caused his death.

66. That as a confidential informant whose address, identifying information and statement was under the control of defendants County of Merced, City of Merced, Chief of Merced Police Russ Thomas, Merced Police officers DOES 1 to 30, Merced County Sheriff Verne Warnke, Merced Deputy Sheriffs DOES 31 to 60, and DOES 76 to 100, Decedent ALEJANDRO ALEX VEGA had a special relationship with the defendants whereby defendants had the mandatory duty to protect Decedent ALEJANDRO ALEX VEGA's from bodily harm and/or death as guaranteed by the United States Constitution if his address, identifying information and statement were released to the public.

67. That by releasing Decedent ALEJANDRO ALEX VEGA's address and witness statement contained in the investigative report to the public, defendants, County of Merced, City of Merced, Chief of Merced Police Russ Thomas, Merced Police officers DOES 1 to 30, Merced County Sheriff Verne Warnke, Merced Deputy Sheriffs DOES 31 to 60, and DOES 76 to 100, and each of them, created the danger that resulted in Decedent ALEJANDRO ALEX VEGA's death.

68. That by releasing Decedent ALEJANDRO ALEX VEGA's address and witness statement contained in the investigative report to the public, defendants, County of Merced, City of Merced, Chief of Merced Police Russ Thomas, Merced Police officers DOES 1 to 30, Merced County Sheriff Verne Warnke, Merced Deputy Sheriffs DOES 31 to 60, and DOES 76 to 100, and each of them, created the danger that resulted in Decedent ALEJANDRO ALEX VEGA's death.

69. That after learning that Decedent ALEJANDRO ALEX VEGA was in danger, by releasing Decedent ALEJANDRO ALEX VEGA's address and witness

This e-copy is the official court record (GC68:150)

statement contained in the investigative report to the public, defendants, County of Merced, City of Merced, Chief of Merced Police Russ Thomas, Merced Police officers DOES 1 to 30, Merced County Sheriff Verne Warnke, Merced Deputy Sheriffs DOES 31 to 60, and DOES 76 to 100, and each of them, acted with deliberate indifference to the danger that the defendants had created for Decedent ALEJANDRO ALEX VEGA, by failing to provide him protection including, but not limited to entry into a witness protection program.

70. That the injuries and resultant death of Decedent ALEJANDRO ALEX VEGA was a foreseeable and proximate result of the conduct of County of Merced, City of Merced, Chief of Merced Police Russ Thomas, Merced Police officers DOES 1 to 30, Merced County Sheriff Verne Warnke, Merced Deputy Sheriffs DOES 31 to 60, and DOES 76 to 100, and each of them.

71. That the aforementioned deliberate indifference evidenced by the defendants, and each of them, deprived Decedent ALEJANDRO ALEX VEGA to be deprived of certain constitutionally guaranteed rights, including, but not limited to:

    a. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

    b. The right to be free from the use of excessive as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

72. That said rights are substantive guarantees under the Fifth and Fourteenth Amendment of the United States Constitution.

**WHEREFORE**, plaintiffs pray for judgment against defendants, and each of them, including fictitiously named defendants, as set forth below

## VII.   FOURTH CAUSE OF ACTION
### (42 U.S.C. section 1983)

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors in Interest of ALEJANDRO ALEX VEGA, Deceased

- 15-

This e-copy is the official court record (GC681150)

### (Against County of Merced, Merced County Sheriff Verne Warnke, Merced Deputy Sheriffs DOES 31 to 60, and DOES 76 to 100.)

73.   Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 72 as though fully set forth in this cause of action.

74.  That defendants County of Merced, Merced County Sheriff Verne Warnke, and Merced Deputy Sheriffs DOES 31 to 60 operate the John Latorraca Correctional Facility in the County of Merced, State of California for the purpose of jailing individuals charged with or convicted of crimes.

75.  That as jailers County of Merced, Merced County Sheriff Verne Warnke, Merced Deputy Sheriffs and DOES 31 to 60 had a special relationship with Decedent ALEJANDRO ALEX VEGA which created a duty of care on the part of jailers at the facility to protect Decedent ALEJANDRO ALEX VEGA from harm.

76.  That the conduct of defendants County of Merced, Merced County Sheriff Verne Warnke, and Merced Deputy Sheriffs DOES 31 to 60 in operating the John Latorraca Correctional Facility as described in this complaint, represents a custom, policy and practice of housing non-violent, non-gang members with known violent gang members are intimidated, victimized, assaulted and battered.

77.  That the conduct of defendants County of Merced, Merced County Sheriff Verne Warnke, and Merced Deputy Sheriffs DOES 31 to 60 in operating the John Latorraca Correctional Facility as described in this complaint, represents a custom, policy and practice of deliberate indifference to the duty imposed by the special relationship created by their role as jailers responsible for the safety of prisoners.

78.  That the conduct of defendants County of Merced, Merced County Sheriff Verne Warnke, and Merced Deputy Sheriffs DOES 31 to 60 in operating the John Latorraca Correctional Facility as described in this complaint and  without a system of direct communication with the City of Merced Police Department to be

This e-copy is the official court record (GC68150).

informed of the confidential informant status of a prisoner prior to the prisoner being housed represents a custom, policy and practice of deliberate indifference to the duty imposed by the special relationship created by their role as jailers responsible for the safety of prisoners.

79. That the conduct of defendants County of Merced, Merced County Sheriff Verne Warnke, and Merced Deputy Sheriffs DOES 31 to 60 in operating the John Latorraca Correctional Facility as described in this complaint and utilizing a system of operation which employees prisoners in a manner that allows the transfer of "Kites" between cells and the transfer of deadly weapons represents a custom, policy and practice of deliberate indifference to the duty imposed by the special relationship created by their role as jailers responsible for the safety of prisoners.

80. That the custom, policy and practice of deliberate indifference to the duty imposed by the special relationship created by their role as jailers responsible for the safety of prisoners creates an affirmative danger to the prisoners housed at the John Latorraca Correctional Facility.

81. That the injuries and resultant death of Decedent ALEJANDRO ALEX VEGA was a foreseeable and proximate result of the customs, policies, and practices of the County of Merced, Merced County Sheriff Verne Warnke, and Merced Deputy Sheriffs DOES 31 to 60 in operating the John Latorraca Correctional Facility.

82. That the aforementioned customs, policies, and practices of the County of Merced, Merced County Sheriff Verne Warnke, and Merced Deputy Sheriffs DOES 31 to 60 in operating the John Latorraca Correctional Facility resulted in the deprivation of the constitutional rights, injuries, and resultant death of Decedent ALEJANDRO ALEX VEGA, and the damages claimed by plaintiffs.

83. That the aforementioned deliberate indifference evidenced by the customs, policies, and practices of the County of Merced, Merced County Sheriff Verne

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors in Interest of ALEJANDRO ALEX VEGA, Deceased

- 17-

This e-copy is the official court record (GC68150)

Warnke, and Merced Deputy Sheriffs DOES 31 to 60 in operating the John Latorraca Correctional Facility resulted in the deprivation of the constitutional rights of Decedent ALEJANDRO ALEX VEGA, including, but not limited to:

   a. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

   b. The right to be free from the use of excessive as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

84. That said rights are substantive guarantees under the Fifth and Fourteenth Amendment of the United States Constitution.

**WHEREFORE**, plaintiffs pray for judgment against defendants, and each of them, including fictitiously named defendants, as set forth below.

## VIII. FIFTH CAUSE OF ACTION

### (Negligence)

**(Against Chief of Merced Police Russ Thomas, Merced Police officers DOES 1 to 30, County of Merced, Sheriff Vern Warnke, Deputy Sheriffs DOES 31 to 60 and DOES 76 to 100.)**

85. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 72, as though fully set forth in this cause of action.

86. That defendants the Chief of Merced Police Russ Thomas, Merced Police officers DOES 1 to 30, County of Merced, Sheriff Vern Warnke, Deputy Sheriffs DOES 31 to 60 and DOES 76 to 100, and each of them, owed a mandatory duty not to release the confidential investigative report prepared by Detective Johnson without removing Decedent's home address thereby identifying for all the world the Decedent was "CW-1" whose information lead to the arrest of Joseph Elias Castrillo and Dante Woods for the murder of Dean Barker to the public.

87. That after breaching their duty negligently releasing to the confidential investigative report prepared by Detective Johnson without removing Decedent's

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors in Interest of ALEJANDRO ALEX VEGA, Deceased

- 18-

This e-copy is the official court record (GC68150)

home address thereby identifying for all the world the Decedent was "CW-1" whose information lead to the arrest of Joseph Elias Castrillo and Dante Woods for the murder of Dean Barker, and learning that the Norteño Criminal Street gang was planning to retaliate against Decedent ALEJANDRO ALEX VEGA, the defendants, and each of them had created a danger to Decedent ALEJANDRO ALEX VEGA's physical safety, and place him in a position to be harmed as a result of his assisting their investigation.

88. That by creating the danger to Decedent ALEJANDRO ALEX VEGA's physical safety, and placing him in a position to be harmed, the defendants, and each of them, created a special relationship with Decedent ALEJANDRO ALEX VEGA including the duty to protect him from harm.

89. That the defendants, Chief of Merced Police Russ Thomas, Merced Police officers DOES 1 to 30, County of Merced, Sheriff Vern Warnke, Deputy Sheriffs DOES 31 to 60 and DOES 76 to 100, and each of them, failed to communicate among themselves that Decedent ALEJANDRO ALEX VEGA was a confidential informant in the murder investigation of Dean Barker, and who, if arrested, needed to be referred to supervisors or members of the command structure to assure that he was not placed in custody with members of the Norteño Criminal Street gang who could harm or even kill him to prevent him testifying.

90. That in defendants, Chief of Merced Police Russ Thomas, Merced Police officers DOES 1 to 30, and DOES 76 to 100, and each of them breach their duty to Decedent ALEJANDRO ALEX VEGA by not informing defendants Merced County Sheriff Verne Warnke, and Merced Deputy Sheriffs DOES 31 to 60, that Decedent ALEJANDRO ALEX VEGA was confidential informant whose testimony was needed for the prosecution of the murder of Dean Barker, and who had been threatened by members of the Norteño Criminal Street gang.

91. That the defendants knew that the Norteño Criminal Street gang uses violence

1  including murder to prevent witnesses from testifying against gang members.

2  92. That as a result of the breach of duty to inform Merced County Sheriff Verne

3  Warnke, and Merced Deputy Sheriffs DOES 31 to 60, that Decedent

4  ALEJANDRO ALEX VEGA was confidential informant against the Norteño

5  Criminal Street gang, Decedent ALEJANDRO ALEX VEGA was placed in a

6  cell with six members of the Norteño Criminal Street gang, who beat him to

7  death.

8  93. That the injuries and resultant death of Decedent ALEJANDRO ALEX VEGA

9  was a foreseeable and proximate result of the negligent conduct of City of

10  Merced, Chief of Merced Police Russ Thomas, Merced Police officers DOES 1 to

11  30, and DOES 76 to 100, and each of them.

12  94. That as a direct and proximate result of the negligence of the City of Merced,

13  Chief of Merced Police Russ Thomas, Merced Police officers DOES 1 to 30, and

14  DOES 76 to 100, the plaintiffs suffered the damages as herein set forth.

15  95. That County of Merced, Merced County Sheriff Verne Warnke, Merced Deputy

16  Sheriffs and DOES 31 to 60, as jailers charged with the care custody and control

17  of prisoners, had a special relationship with Decedent ALEJANDRO ALEX

18  VEGA which created a duty of care on the part of jailers at the facility to protect

19  Decedent ALEJANDRO ALEX VEGA from harm.

20  96. That defendants County of Merced, Merced County Sheriff Verne Warnke,

21  Merced Deputy Sheriffs and DOES 31 to 60, and each of them, owed a

22  mandatory duty to protect Decedent ALEJANDRO ALEX VEGA from being

23  harmed by members of the Norteño Criminal Street gang to prevent him from

24  testifying in the murder trial of Dean Barker against another member of the

25  Norteño Criminal Street gang.

26  97. That defendants County of Merced, Merced County Sheriff Verne Warnke,

27  Merced Deputy Sheriffs and DOES 31 to 60, and each of them, owed a

28  mandatory duty to protect Decedent ALEJANDRO ALEX VEGA.

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors
in Interest of ALEJANDRO ALEX VEGA, Deceased

This e-copy is the official court record (GC6815O)

This e-copy is the official court record (GC681150)

98. That defendants County of Merced, Merced County Sheriff Verne Warnke, Merced Deputy Sheriffs and DOES 31 to 60, and each of them, breached the duty owed to Decedent ALEJANDRO ALEX VEGA by housing him with six members of the Norteño Criminal Street gang, creating the dangerous condition that caused his death.

99. That the injuries and resultant death of Decedent ALEJANDRO ALEX VEGA was a foreseeable and proximate result of the negligent conduct of defendants County of Merced, Merced County Sheriff Verne Warnke, Merced Deputy Sheriffs and DOES 31 to 60, and each of them.

100. That defendants County of Merced, Merced County Sheriff Verne Warnke, Merced Deputy Sheriffs and DOES 31 to 60, and each of them, were negligent in failing to have a system to identify confidential informant who are delivered into their custody, of failing to separately house confidential informants in protective custody keeping them safe from harm, in operating the jail in a manner that uses prisoner to move about and transfer written communications and weapons between cells, and otherwise negligent as set forth herein.

101. That as a direct and proximate result of the negligence of defendants County of Merced, Merced County Sheriff Verne Warnke, Merced Deputy Sheriffs and DOES 31 to 60, and each of them, the plaintiffs suffered the damages as herein set forth.

**WHEREFORE,** Plaintiffs pray for judgment against defendants and each of the, including fictitiously named defendants, as herein set forth:

    1. For non-economic general damages in a sum to be hereafter determined in an amount greater than $25,000;

    2. For funeral and burial expenses incurred by plaintiffs for the burial of Decedent ALEJANDRO ALEX VEGA;

    3. For interest on all economic damages from September 20, 2015, to the date of the judgment;

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors in Interest of ALEJANDRO ALEX VEGA, Deceased

- 21 -

This e-copy is the official court record (GC68.150)

4. For such exemplary and punitive damages as the Court deems just and proper;

5. For such attorney's fees as may be allowed by law;

6. For the costs of suit incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: October 4, 2106.

JAVIER GUERRERO, Jr.
Attorney for Plaintiffs

Complaint for Damages by JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, Successors in Interest of ALEJANDRO ALEX VEGA, Deceased

- 22-

Exhibit 2

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Additional Parties Attachment Form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Jaime Vega and Alicia Reyes, Successors in
Interest to Alejandro Alex Vega, Deceased

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
Merced Superior Court
10/7/2016 9:22:44 PM
Linda Romero Soles
Clerk of the Superior Court
By: Nengsy Moua, Deputy

CITY OF MERCED
NOV 29 16A43 26

(GC68150)

This e-copy is the official court record

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the County of Merced  (Civil Division)<br>627 W. 21st Street<br>Merced, CA. 95340 | **CASE NUMBER:** *(Número del Caso)*<br>16CV-03050 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Javier Guerrero, Jr.      209-403-1314
123 Sycamore Avenue, Suite 205
Manteca, CA  95336

DATE: October 10/7/2016 9:22:44 PM 2016     Linda Romero-Soles    Clerk, by *Nengsy Moua*    Deputy
*(Fecha)*                                      *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]    **SUMMONS**    Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ESSENTIAL FORMS™

Vega and Reyes v. City of Merced

SUM-200(A)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Vega and Reyes v. City of Merced, et al. | |

<div style="writing-mode: vertical-lr">This e-copy is the official court record (GC68150)</div>

### INSTRUCTIONS FOR USE

➤ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➤ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

City of Merced, Chief of Merced Police, Russ Thomas, in his capacity as
Chief of Police of the City of Merced, County of Merced, Sheriff of the
County of Merced, Vern Warnke, in his capacity as Sheriff of the County
of Merced, Michael Turner, Jose Santana, Brendan Chanminalatha,
Francisco Gonzalez, Anthony Salinas, Jesse Rodriguez, DOES 1 to 30,
Individually and in their capacity as City of Merced Police Officers,
DOES 31 to 60,Individually and in their capacity as Merced County
Sheriffs, DOES 61 to 75, Individually and in their capacity as Merced
County Jail Prisoners, and DOES 76 to 100, inclusive,
                                    Defendants.

Page __2__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit 3

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Javier Guerrero, Jr. SB#284589<br>LAW OFFICE OF JAVIER GUERRERO, Jr.<br>123 Sycamore Avenue, Suite 205<br>Manteca, CA 95336<br>TELEPHONE NO.: 209-403-1314 FAX NO.: 888-386-9498<br>ATTORNEY FOR *(Name):* Plaintiffs Jaime Vega and Alicia Reyes | FILED<br>Merced Superior Court<br>10/7/2016 9:22:44 PM<br>Linda Romero Soles<br>Clerk of the Superior Court<br>By: Nengsy Moua, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Merced
STREET ADDRESS: 627 W. 21st Street
MAILING ADDRESS: 627 W. 21st Street
CITY AND ZIP CODE: Merced, CA 95340
BRANCH NAME: Civil Division

CASE NAME:
Jaime Vega and Alicia Reyes v. City of Merced, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 16CV-03050 |
|---|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
✔ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
*(Cal. Rules of Court, rules 3.400–3.403)*
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ✔ punitive
4. Number of causes of action *(specify):* 5
5. This case ☐ is ✔ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/4/2016

Javier Guerrero, Jr.
_____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

This e-copy is the official court record (GC68150)

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained in page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
      *or wrongful eviction)*
  Contract/Warranty Breach-Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court
    Case Matter
  Writ-Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1 2007]

Martin Dean's
**ESSENTIAL FORMS**™

**CIVIL CASE COVER SHEET**

Page 2 of 2

This e-copy is the official court record (GC68150)

Exhibit 4

This e-copy is the official court record (GC68150).

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF MERCED<br>627 West 21st Street<br>Merced, CA 95340<br>(209) 725-4111 | Reserved for Clerk's File Stamp **FILED**<br>2016 OCT 12 PM 1:06<br>CLERK OF THE SUPERIOR COURT<br>BY _____ DEPUTY |
|---|---|
| Jaime Vega, et al.,<br>vs<br>Michael Turner, et al. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM** | Case No. 16CV-03050 |

**To All Parties and their Attorneys of Record:**

Please take notice that the above-entitled action has been included in this Court's Delay Reduction Program. Local Rule 4 will hereafter apply to this action. You are required to comply with the guidelines for program cases as set forth in the above referenced Local Rule and the applicable California Rules of Court (CRC), including Rules 3.714(b)(1), 3.720-3.735.

*Please note: Local Rules and ADR Packet may be reviewed on-line at www.merced.courts.ca.gov.*

You are further advised that a Case Management Conference (CMC) in the above action has been scheduled, per Local Rule 4(B)(1)(a), for:

**March 13, 2017 at 10:00 AM in Courtroom 8**

**Plaintiff must serve this Notice on all Parties to this action at the same time the Complaint is served. Failure to do so may cause unnecessary delay to this action.**

Parties desiring to appear telephonically at the CMC shall comply with CRC, Rule 3.670 and Local Rule 4, and are responsible for making timely arrangements with CourtCall, LLC. CourtCall, LLC may be reached at (888) 882-6878. Notices of Telephonic Appearance may be placed on the CMC Statement or may be filed independently with the Court NOT LESS THAN THREE (3) COURT DAYS prior to the CMC. A Notice of Telephonic Appearance is deemed valid on any subsequent, continued CMCs.

**PURSUANT TO CRC, RULE 3.724, THE PARTIES MUST MEET AND CONFER NO LATER THAN 30 DAYS PRIOR TO THE CMC.**

A CMC Statement shall be filed with the Court no later than **15 days** prior to the date set for the **CMC**. Parties shall use **Judicial Council form CM-110** (CRC 3.725). This form is available at the Court Clerks Office or on-line at www.courtinfo.ca.gov.

If you have any further questions regarding this Notice, please contact the undersigned at the number indicated above.

Javier Guerrero Jr
501 W Weber Ave
Stockton CA 95203

Linda Romero Soles, Court Executive Officer

Date: 10/12/2016

By: _____

Nengsy Moua
Printed Name

Deputy Clerk

This e-copy is the official court record (GC68150).

**PROOF OF SERVICE**

**CASE TITLE:**   *Vega v. City of Merced, et al.*
**COURT:**        Superior Court of California, County of Merced
**CASE NO:**      16CV-03050

I am employed in the County of Sacramento.  I am over the age of eighteen years and not

a party to the within above-entitled action. My business address is 3620 American River Drive,

Suite 230, Sacramento, CA 95864.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate

postage and placed in a designated mail collection area.  Each day's mail is collected and

deposited in a United States mailbox after the close of each day's business.

On December 13, 2016, I caused the following to be served:

NOTICE OF STATE COURT DOCUMENTS

**XX**     United States Mail - on all parties in said action by placing a true copy of the above-
described document(s) enclosed in a sealed envelope in the designated area for outgoing mail
addressed as set forth below.

**ATTORNEY FOR PLAINTIFFS [Alejandro Vega,**
 **Alicia Reyes Barajas and Jaime Vega Damian]:**
Javier Guerrero, Jr. (CSB No. 284589)
LAW OFFICE OF JAVIER GUERRERO, JR.
123 Sycamore Avenue, Suite 205
Manteca, CA 95339
Phone: (209) 403-1314
Fax: (888) 386-9498

**XX**    FEDERAL: I declare that I am employed in the office of a member of the bar of this

Court at whose direction service was made.

I declare under penalty of perjury that the foregoing is true and correct and that this

declaration was executed on December 13, 2016, at Sacramento, California.

*/S/: Cheryl Gori*          .
Cheryl Gori
Employee of Longyear, O'Dea & Lavra, LLP

---