|     |                                                    |                                                    |
| --- | -------------------------------------------------- | -------------------------------------------------- |
|     | **UNITED STATES DISTRICT COURT**                                                                        |
|     | **EASTERN DISTRICT OF CALIFORNIA**                                                                      |

| **JAIME VEGA DAMIEN and ALICIA REYES BARAJAS, successors in interest to Alejandro Alex Vega, deceased,** | **CASE NO. 1:16-CV-1869 AWI MJS** |
| --- | --- |
| **Plaintiff** | **ORDER ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS** |
| **v.** | |
| **CITY OF MERCED, et al.,** | (Doc. Nos. 13, 16) |
| **Defendants** | |

This removed civil rights action stems from the death of decedent Alejandro Vega ("Vega") at the hands of fellow inmates while in custody at the Merced County Jail. Plaintiffs are the successors in interest to Vega. The active complaint is the Second Amended Complaint ("SAC"). Plaintiffs name as defendants the City of Merced and the Merced Police Department Chief of Police (collectively "City Defendants"), the County of Merced and the Merced County Sheriff ("collectively "County Defendants"), six inmates of the Merced County Jail who allegedly killed Vega (Michael Turner ("Turner"), Jose Santana ("Santana"), Brendan Chanminalatha ("Chanminalatha"), Francisco Gonzalez ("Gonzalez"), Anthony Salinas, and Jesse Rodriguez) (collectively, "Inmate Defendants"), and Vega's minor son, Damien Alex Vega.[1]

Currently before the Court is Plaintiffs' motion to remand and the County Defendants' motion to dismiss. For the reasons that follow, the motion to remand will be granted and the motion to dismiss will be denied without prejudice.

---

[1] The SAC explains that Damien Vega does not have a guardian ad litem and that his mother refused to join this lawsuit. As a result, Plaintiffs added Damien Vega as a defendant pursuant to California Code of Civil Procedure § 382, which provides in part that "[i]f the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint." Under California law, "wrongful death actions are considered to be 'joint, single and indivisible.'" Ruttenberg v. Ruttenberg, 53 Cal.4th 801, 807 (1997). An heir omitted from a wrong death claim is a "necessary party" and plaintiff heirs "have a mandatory duty to join all known omitted heirs in the 'single action' for wrongful death." Id. at 808. "If an heir refuses to participate in the suit as a plaintiff, he or she may be named as a defendant so that all heirs are before the court in the same action." Id. Because Damien Vega's mother refused to consent to his participation in this wrongful death action, it was proper to include him as a defendant. However, an "heir named as a defendant in a wrongful death action is, in reality, a plaintiff." Id.

**I.     MOTION TO REMAND**

*Plaintiffs' Arguments*

Plaintiffs argue *inter alia* that Defendants have not followed the appropriate procedure for removal. By statute, all defendants who have been properly joined and served must join in or consent to the removal of the action. That requirement was not followed by Defendants. Only four of the nine named defendants joined the notice of removal. As part of a stipulation, counsel for the municipal defendants admits that not all defendants have agreed to join in the notice of removal. Because the rule of unanimity has been violated, this case should be remanded.

*Defendants' Argument*

The Defendants argue in pertinent part that Plaintiffs have waived their right to seek a remand. When a party engages in "affirmative activity in federal court," the party generally then waives the right to seek a remand. Courts recognize that the filing of an amended complaint constitutes affirmative activity. Plaintiffs voluntarily agreed to the filing of the SAC in this court, stipulated to the service of the SAC, sought an order deeming the SAC served, and setting deadlines for responsive pleadings. Further, other factors that courts consider favor denying remand because the procedural defect was not severe (in light of the uncertain state of service) and there is nothing improper about litigating federal claims in federal court. Finally, the procedural defect at issue can be cured prior to entry of judgment.

*Chronology of Events*

On October 7, 2016, Plaintiffs filed a complaint in the Merced County Superior Court.

On October 28, 2016, Plaintiffs filed a first amended complaint.

On November 7, 2016, Plaintiffs filed an ex parte application in the Superior Court to file a second amended complaint.

On November 14, 2016, the Superior Court granted Plaintiffs' ex parte application.

On November 29, 2016, Plaintiffs served the original complaint on the City Defendants, the County Defendants, and Inmate Defendants Santana, Turner, Gonzalez, and Chanminalatha.

On December 7, 2016, Plaintiffs filed the SAC in the Superior Court.

On December 12, 2016, Plaintiff's counsel spoke to a staff member of the law firm who

represents the City Defendants. Plaintiff's counsel informed the staff member that the County Defendants and four of the six Inmate Defendants had been served with the original complaint.

On December 13, 2016, the City Defendants filed a notice of removal. The original complaint was the only complaint included in the notice of removal.

On December 27, 2016, the City Defendants received a copy of the SAC by mail.

On December 29, 2016, the County Defendants filed a joinder to the City Defendants' notice of removal.

On January 5, 2017, Plaintiffs, the City Defendants, and the County Defendants filed a stipulation that the SAC would be deemed served and that the City Defendants and the County Defendants would have twenty-one days to respond to the SAC.

On January 6, 2017, the Court approved the stipulation. As part of the order approving the stipulation, the Court ordered that the SAC would be the active complaint in this case.

On January 12, 2017, Plaintiffs filed their motion to remand.

On January 26, 2017, the County Defendants filed a motion to dismiss.

On February 9, 2017, Plaintiffs filed an opposition to the motion to dismiss.

*Legal Standard*

28 U.S.C. § 1446 establishes the procedures to be followed by a defendant in removing a case from state court to federal court. Progressive W. Ins. Co. v. Preciado, 479 F.3d 1014, 1018 (9th Cir. 2007). In part, "all defendants who have been properly joined and served in the action must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); see Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Only defendants who have been properly served must join in or consent to the removal. Destfino, 630 F.3d at 956; Emrich, 846 F.2d at 1193 n.1. Defendants who have been improperly served, see Destfino, 630 F.3d at 956-57, or who have not been served, Salveson v. W. States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984), or who are "nominal, unknown or fraudulently joined" defendants, Emrich, 846 F.2d at 1193 n.1, are not required to join in or consent to removal. The failure to obtain the joinder or consent of all properly served defendants is a procedural defect. See Destfino, 630 F.3d at 956-57; Vasquez v. North County Transit Dist.,

292 F.3d 1049, 1060 n.5 (9th Cir. 2002); Emrich, 846 F.2d at 1193 n.1. Further, the failure of a defendant to affirmatively explain the absence of a co-defendant in the notice of removal is a procedural defect. Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1266 (9th Cir. 1999). "If the removal suffers from procedural defects, the plaintiff is responsible for bringing those defects to the attention of the district court in a timely motion to remand." Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016). Procedural defects in the removal process may be waived. Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014); Vasquez, 292 F.3d at 1060 n.5. A procedural defect may be waived by failing to raise the issue within 30 days of the filing of the notice of removal. 28 U.S.C. § 1447(c); Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 942 (9th Cir. 2006); Vasquez, 292 F.3d at 1060 n.5. A procedural defect may also be waived if the plaintiff engages in sufficient "affirmative activity" in the federal forum. See Koehnen v. Herald Fire Ins. Co., 89 F.3d 525, 528 (8th Cir. 1996); Lanier v. American Bd. of Endodontics, 843 F.2d 901, 904 (6th Cir. 1988); Meadows v. Bicrodyne Corp., 785 F.2d 670, 671-72 (9th Cir. 1986); Harris v. Edward Hyman Co., 664 F.2d 943 (5th Cir. 1981). Once the plaintiff raises a procedural defect in the removal, it is the removing defendant's burden to show compliance with the pertinent procedural requirement. See Gomez v. Global Video Games, 2016 U.S. Dist. LEXIS 98305, *2 (C.D. Cal. July 26, 2016); Bea v. Encompass Ins. Co., 2013 U.S. Dist. LEXIS 58251, *5 (N.D. Cal. Apr. 23, 2013); Riggs v. Plaid Pantries, Inc., 233 F.Supp.2d 1260, 1264 (D. Or. 2001).

*Discussion*

The Defendants do not argue that Inmate Defendants Tucker, Santana, Gonzalez, and Chanminalatha were not actually served, nor do Defendants challenge the propriety of the service of these four Inmate Defendants on November 29, 2016.[2] The Defendants also do not dispute that these four Inmate Defendants did not join the notice of removal. Thus, the rule of defendant unanimity has been violated, which is a procedural defect in the removal. See Destfino, 630 F.3d at 956-57; Emrich, 846 F.2d at 1193 n.1.

---

[2] The Court notes that in California, an amended complaint supersedes all prior complaints, and the prior complaint no longer serves any function as a pleading in the case. See State Comp. Ins. Fund v. Superior Ct., 184 Cal.App.4th 1124, 1130-31 (2010). However, at least one California court has held that the service of a superseded complaint substantially complies with the time limitations of California Code of Civil Procedure § 583.210 for service of process. See Davis v. Allstate Ins. Co., 217 Cal.App.3d 1229, 1233-34 (1989).

4

The Defendants argue that Plaintiffs waived the defect because Plaintiffs filed the SAC which contains federal claims, stipulated to the service of the SAC, sought an order deeming the SAC served, and sought an order setting deadlines for responsive pleadings. The Court disagrees.

First, if the SAC was a new complaint, and if the SAC had been filed in this Court first, then Plaintiffs would have waived the unanimity defect. See In re Moore, 209 U.S. 490, 496 (1908); Koehnen, 89 F.3d at 528. However, the SAC was actually filed in the Superior Court, with permission from that court, prior to removal. Once the SAC was filed in the Superior Court, the SAC became the operative complaint that delineated and explained the dispute between the parties and the relief requested. See State Comp. Ins. Fund, 184 Cal.App.4th at 1130-31. That is, the SAC represented the Plaintiffs' basis for relief from the Superior Court at the time of filing. When this Court approved the stipulation of the parties, the Court added a provision that stated that the SAC was the operative complaint. The Court ordered that the SAC was to be viewed as the operative complaint not because Plaintiff sought affirmative relief from this Court, but rather out of recognition as to what the operative complaint actually was. Cf. id. Therefore, Plaintiffs did not file the SAC/a new complaint in this Court.

Second, the remaining acts identified by Defendants generally stem from the January 2017 stipulation. The stipulation recited the rather convoluted procedural history of this case in terms of the sequence of filing and serving Plaintiffs' three complaints in the Superior Court. See Doc. No. 6. The stipulation agreed that the SAC would be deemed served on the County and City Defendants and that these Defendants would have 21 days in which to respond. See id. The stipulation is administrative in nature. It relieves Plaintiffs of the burden of further efforts to serve the Defendants, and provides Defendants with a deadline in which to respond. Service of complaints and deadlines for responding to complaints are early administrative aspects of every case, both in federal court and California state court. See Fed. Rs. Civ. P. 4, 12; Cal. Code Civ. P. §§ 412.20, 430.40, 583.210. The stipulation did not include provision for any discovery, it did not address default judgments or summary judgment, it did not attempt to file a new complaint, and it did not seek any type of injunctive relief. The stipulation simply clarified past events and set a procedure for the Defendants to accept and respond to the SAC/operative complaint, which had

5

previously been filed in the Superior Court. See Doc. No. 6; see also 18 at 7:7-10.  The parties have cited no cases, and the Court is aware of none, in which a similar stipulation has been found to be a sufficient affirmative act so as to waive the procedural defects in the removal process.  The stipulation is not sufficient "affirmative activity" and it did not waive the defect in unanimity.

The County Defendants also appear to argue that Plaintiffs have sought affirmative relief from the Court by filing an opposition to the motion to dismiss that includes a request for leave to amend.  The Court does not find that this is sufficient affirmative conduct.  First, the filing of an opposition to a Rule 12(b)(6) motion is generally considered a defensive action and not affirmative conduct that waives the defects in the removal process.  See Petersen v. County of Stanislaus, 2013 U.S. Dist. LEXIS 5482, *6 (E.D. Cal. Jan. 12, 2013) (and cases cited therein); cf. Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994) ("Where, as here, a party takes necessary defensive action to avoid a judgment being entered automatically against him, such action does not manifest an intent to litigate in state court, and accordingly, does not waive the right to remove.").  Second, and consistent with the first point, the opposition expressly mentions the motion to remand, states that the remand motion is scheduled to be heard before the motion to dismiss, states that Plaintiffs believe the remand motion is well taken, but that to avoid any claim that their right to object to dismissal was waived, the opposition was filed.  See Doc. No. 17 at 2:26-3:8.  In other words, the opposition was filed subject to the pending motion to remand.  Nothing in the opposition indicates that Plaintiffs abandoned or withdrew their remand motion.  Because the opposition is expressly made subject to the remand motion and constitutes defensive action, it is not an "affirmative act" that waived the unanimity defect.

Finally, it is true that a violation of the rule of unanimity may be corrected prior to entry of judgment.  Destfino, 630 F.3d at 957.  When a plaintiff objects to a violation of the rule of unanimity, often defendants who did not initially join the notice of removal will file a separate joinder or consent, e.g. Parrino v.FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998),[3] or the removing defendant will seek leave to file an amended notice of removal that properly addresses all served defendants, e.g. Destfino v. Kennedy, 2008 U.S. Dist. LEXIS 95149, *11 (E.D. Cal. Nov. 12,

---

[3] Superseded by statute as stated by Abrego v. Dow Chem., 443 F.3d 676, 681-82 (9th Cir. 2006).

6

2008). Here, however, there has been no joinder by the four Inmate Defendants and no request to file an amended notice of removal. Therefore, there is no indication that the unanimity defect can be timely cured. Cf. Destfino, 630 F.3d at 957.

Because the rule of unanimity has been violated and not cured, the Court will grant Plaintiffs' motion to remand.[4] See 28 U.S.C. § 1447(c); Atl. Nat'l Tr. LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 940 (9th Cir. 2010).

**II.    Motion To Dismiss**

Since the Court is remanding this case, it would be inappropriate for the Court to rule on the motion to dismiss. For administrative purposes, the Court will deny the motion to dismiss without prejudice to refiling in the Superior Court.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to remand (Doc. No. 13) is GRANTED pursuant to 28 U.S.C. § 1447(c);

2. Defendants' motion to dismiss (Doc. No. 16) is DENIED without prejudice; and

3. This case is REMANDED FORTHWITH to the Merced County Superior Court.

IT IS SO ORDERED.

Dated:   May 15, 2017                              _____
                                                    SENIOR DISTRICT JUDGE

---

[4] Under 28 U.S.C. § 1447(c), the Court may require payment of attorneys' fees and costs incurred as a result of an improper removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); Chan Healthcare Group, PS v. Liberty Mut. Fire Ins. Co., 844 F.3d 1133, 1141 (9th Cir. 2017). Here, given the convoluted history relating to the filing and serving of no less than three complaints in the Superior Court, the Court cannot say that the City Defendants' removal was sufficiently unreasonable. Therefore, the Court declines to award attorneys' fees and costs.

7